**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca D. Mazeau, | No. CV-14-00080-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| SHPS Acquisition Corporation, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 20). The Court now rules on the motion.

## I. Background

### A. Procedural History

Plaintiff initially filed a complaint on April 19, 2013, but later withdrew this complaint. (Doc. 20 at 3, 6). On December 13, 2013, Plaintiff filed another complaint in the Arizona Superior Court for Maricopa County. (Doc. 20 at 3; Doc. 1 at 11). This case was then removed to the U.S. District Court for the District of Arizona. (Doc. 1). Plaintiff amended her complaint several times and defendant now moves to dismiss the amended complaint. (Doc. 20).

### B. Factual History

On November 4, 2009, Plaintiff was hired by Defendants as a "Quality Assurance Lead." (Doc. 19 at ¶ 1). Plaintiff suffered a stroke in July of 2010 that "required [] long term hospitalization." (*Id.* at ¶ 2). Plaintiff "utilized her short term disability coverage from July 2010 through December 2010. (*Id.* at ¶ 5). After Plaintiff's short term

disability coverage had run out, Plaintiff then inquired as to whether FMLA leave was available and elected to take FMLA leave in January 2011. (*Id.* at ¶ 7). While Plaintiff was on FMLA leave, Defendants terminated Plaintiff's employment on February 28, 2011. (Doc. 20 at 6). Plaintiff filed a claim with the EEOC, who decided not to pursue her claim and mailed her a right-to-sue letter on January 10, 2013. (Doc. 20 at 5; Doc. 8 at Ex. C). Plaintiff filed her initial Complaint alleging FMLA and ADA violations on April 19, 2013. (Doc. 21 at 5; Doc. 20 at 6). Plaintiff alleges in her Complaint general factual violations of the FMLA and ADA:

> 9. SHPS failed to offer Petitioner FMLA leave at any time, rather, Petitioner had to inquire as to whether this was an option after her short term disability ended.
> 10. Pursuant to 29 U.S.C. § 2612(a)(1)(D), SHPS unlawfully interfered with Petitioner's FMLA rights by failing to offer her the options to take FMLA leave after a triggering event occurred. . . .
> 13. While Petitioner was on FMLA leave, SHPS terminated Petitioner's employment.
> 14. SHPS unlawfully interfered with Petitioner's FMLA and ADA rights by failing to hold an employment position open for Petitioner during her leave, and terminating a person with a known and recorded disability.

(Doc. 19 at ¶¶ 9, 10, 13, 14).

## II.  Discussion[1]

Defendants move to dismiss both the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") claims[2] arguing that the claims are time-barred. (Doc. 20 at 1). Defendants do not specify whether they move to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) or 12(b)(1), but the Court interprets this motion as being pursuant to Rule 12(b)(1). *See Sisseton-Wahepton Oyate of Lake Traverse Reservation v. U.S. Corps. Of Engineers*, 918 F. Supp. 2d 962, 967 (D.S.D. 2013) ("the statute of limitations is a jurisdictional limit"); *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("Like other challenges to a court's

---

[1] Defendants also assert a motion to strike the response to the motion to dismiss and a motion to dismiss for repeated rule violations. Doc. 22 at 3–4. However, due to the Court granting Defendants motion to dismiss, these motions are both moot.

subject matter jurisdiction, motions raising the ripeness issue are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6).").

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). Here, it appears that Defendants make a facial attack because their briefs "examine[] whether the complaint has sufficiently alleged subject matter jurisdiction." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 132 S. Ct. 1702 (U.S. 2012). In resolving a "facial attack" under Rule 12(b)(1), the district court must accept the allegations of the complaint as true, *see Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd*, *Valdez v. United States*, 56 F.3d 1177 (9th Cir. 1995), and "draw all reasonable inferences in [the Plaintiff's] favor." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)); *see also Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788, 789 (E.D. Va. 1998) ("The plaintiff is then afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration.").

### a.   ADA Claim

ADA claims must be filed with the Court ninety days from the receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). There is a "presumption that the letter issuance date is also the date on

---

[2] The Complaint also mentions COBRA, life insurance, and social security damages, along with a HIPAA violation. (Doc. 19 at 1, 4). To the extent that these allegations constitute legal claims, the Court agrees with Defendants that HIPAA does not provide a private right of action, *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007), and Plaintiff's mention of COBRA life insurance, and social security damages are tied up with Plaintiff's FMLA claim. (Doc. 19 at 1, 4).

which the letter was mailed." *Payan v. Aramark Mgmt. Serv.s Ltd. P'ship*, 495 F.3d 1119, 1123 (9th Cir. 2007). After the letter is mailed there is a further presumption that the recipient received the letter three days after it was mailed. *Id.* at 1125–26.

The EEOC issued their right-to-sue letter on Thursday, January 10, 2013. (Doc. 8 at Ex. C).[3] Presuming three days from issuance to receipt, Plaintiff received the right-to-sue letter on Monday, January 14, 2013. *See Payan*, 495 F.3d at 1125–26. Plaintiff filed her complaint on December 13, 2013, three hundred and thirty-three days after the presumed receipt of the right-to-sue letter from the EEOC. (Doc. 1 at 11). This would time-bar Plaintiff's ADA claim as a matter of law.[4] Even if the Court considers Plaintiff's original complaint—filed on April 19, 2013—Plaintiff is still time barred.

Plaintiff offers no persuasive argument as to why her ADA claim is not time-barred. Plaintiff mentions that her EEOC claim was filed "within the time frame required by the EEOC – after the charge was perfected internally." (Doc. 22 at 2). However, the statute of limitations begins running when Plaintiff receives a right-to-sue letter, not when Plaintiff files an EEOC claim or when the claim is perfected. Furthermore, Plaintiff mentions that Defendants' "internal records related to [Plaintiff's] short term disability leave of absence . . . are incorrect" and that "[t]heir poor record keeping created issues for Plaintiff when she applied for unemployment and Social Security Disability Insurance." (Doc. 21 at 2). But again, these records have no bearing on Plaintiff adhering to the

---

[3] Plaintiff relies upon this right-to-sue letter as a procedural prerequisite to her filing of her complaint. Therefore, the Court may consider this document on a motion to dismiss. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998) (superseded by statute on other grounds by *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)) (Where "an attached document is integral to plaintiff's claims and its authenticity is not disputed, the plaintiff 'obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished.'").

[4] At oral argument, Plaintiff's counsel stated that the EEOC right-to-sue letter was not received until April 15, 2013. However, this statement is not supported by any evidence and was not alleged in the amended complaint. Further, even if the statement is taken at face value, the EEOC claim would still be time barred. Plaintiff's claim was not filed until December 13, 2013, still well outside the ninety day statute of limitations. Plaintiff's initial claim, filed on April 19, 2013, was voluntarily dismissed by Plaintiff and is a nullity. *See, e.g.*, *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (plaintiff's voluntary dismissal of action "leaves the parties as though no action had been brought").

ninety day filing deadline for a civil action. While this "poor record keeping" may have created issues for Plaintiff filing her EEOC claim, the statute of limitations does not start to run until Plaintiff received her right-to-sue letter after the EEOC has declined to pursue Plaintiff's EEOC claim. Therefore, the ADA claim is time-barred.

### b. FMLA Claim

FMLA claims may be brought no "later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). However, if there is a willful violation of the FMLA, a claim "may be brought within 3 years of the date of the last event constituting the alleged violation." 29 U.S.C. § 2617(c)(2). The FMLA does not define willful, but in the context of the Fair Labor Standards Act ("FLSA"), willful has been defined as circumstances where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Hanger v. Lake Cnty.*, 390 F.3d 579, 583 (8th Cir. 2004); *see, e.g.*, *Rigel*, 2006 WL 3831384, at *13 ("The Court specifically rejected a standard for willfulness that 'would . . . permit a finding of willfulness to be based on nothing more than negligence' . . . ." (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988)). The 8th Circuit has thus applied the FLSA's definition of "willful" to the FMLA because both acts use "willful" similarly and in identical contexts. *Hanger*, 390 F.3d at 583. Under this standard, "an employer's general knowledge regarding a statute's potential applicability does not prove willfulness." *Id.* at 584.

Here, the last event constituting an alleged violation of the FMLA is the allegedly unlawful discharge of Plaintiff, which occurred on February 28, 2011.[5] (Doc. 20 at 6). Plaintiff's complaint alleging an FMLA violation was not filed until December 13, 2013,[6]

---

[5] The EEOC right-to-sue letter states that Plaintiff was discharged on February 28, 2011. Plaintiff relies upon this right-to-sue letter as a procedural prerequisite to her filing of her EEOC complaint. Therefore, the Court may consider this document on a motion to dismiss. *Parrino*, 146 F.3d at 706 n.4 (Where "an attached document is integral to plaintiff's claims and its authenticity is not disputed, the plaintiff 'obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished.'").

[6] Plaintiff initially filed a complaint alleging a FMLA violation on April 19, 2013.

- 5 -

well past the two year statute of limitations. Thus, Plaintiff is time-bared unless Defendants willfully violated the FMLA, thereby giving Plaintiff three years to file an FMLA claim. *See* 29 U.S.C. § 2617(c)(2).

Plaintiff directs the Court to no allegations in the Complaint of a willful FMLA violation by Defendants and the Court cannot find any, even when drawing all reasonable inferences in the Plaintiff's favor. Indeed, the only allegations of FMLA violations seem to simply parallel the statute's description of a violation. *See* Doc. 23-1 at ¶¶ 9, 10, 13, 14. The Complaint contains factual allegations of an FMLA violation, but does not go beyond alleging the basic elements of a violation.[7] *See* Doc. 19 at ¶¶ 9, 10, 13, 14. Therefore, because the Complaint contains no allegations of "willful" FMLA violations, the FMLA claim is time-barred.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 20) is **GRANTED**. This case is dismissed with prejudice.

**IT IS FURTHER ORDERED** all pending motions are denied as moot.

Dated this 24th day of March, 2015.

James A. Teilborg
Senior United States District Judge

---

Even if the Court used this earlier filing date, Plaintiff still filed over two years from Plaintiff's discharge.

[7] At oral argument, Plaintiff's counsel was urged to point to the record where a "willful" violation of the FMLA is alleged. Plaintiff was unable to do so.